NH

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Adamri Gomez Castro,

Petitioner,

v.

Kristi Noem, et al.,

Respondents.

No. CV-26-01643-PHX-MTL (DMF)

**ORDER**

Petitioner brings a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  Petitioner alleges she is entitled to a bond hearing under 8 U.S.C. § 1226(a) but is instead being detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Petitioner seeks relief as a member of the bond-eligible class certified by the United States District Court for the Central District of California in *Bautista v. Santacruz*, CV-25-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025).  As an initial matter, the Court rejects Petitioner's argument that relief should be granted here simply because she is a member of the *Bautista* class.  *See Calderon Lopez v. Lyons*, — F. Supp. 3d —, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025).  If Petitioner believes she is entitled to further relief under the judgment in *Bautista*, she should seek relief in the Central District of California.

Regardless, this Court has held that, under § 1225(a), any alien who enters the United States illegally, who has not been previously lawfully admitted, is "deemed for

purposes of this chapter an applicant for admission" under 8 U.S.C. § 1225(a)(1).  *See Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Further, an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

Based on Petitioner's allegations, the Court finds that Petitioner is present without having been admitted and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1).  The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt is entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies.  Petitioner is therefore not entitled under the Immigration and Nationality Act to a bond hearing under 8 U.S.C. § 1226(a) or the Due Process Clause.  The Petition will therefore be dismissed without prejudice.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 11th day of March, 2026.

Michael T. Liburdi
United States District Judge

- 2 -